UNITED STATES NATIONAL BANK OF HOLDREGE V. PER
FORSTEDT.

FILED JUNE 4, 1902.   No. 11,922.

Bank: OTHER CORPORATION: NOTICE OF CHARACTER OF TRANSACTION:
PERSONNEL OF WORKING FORCE.  The rule is well settled that a
bank or other corporation, being once charged with notice of
the character of a transaction, continues to be affected by such
notice, whatever changes may occur in the personnel of its
working force.

ERROR from the district court for Phelps county,   Tried
below before ADAMS, J.   Affirmed.

Clency St. Clair and Charles St. Clair, for plaintiff in
error.

A. J. Shafer, contra.

PER CURIAM.

This was an action by Per Forstedt against the United
States National Bank of Holdrege to recover the penalty
provided for in section 5198 of the national banking act.
In our opinion there is no fairly debatable question in the
case.   The jury were well warranted in finding that the
defendant knowingly contracted for and received interest
in excess of ten per cent., and that the amount so received
was at least fifty per cent. of the verdict and judgment.
The contention of counsel for the bank that the bank offi-
cers who actually received the last payments upon the
usurious contract were not connected with the bank at the
time the contract was made, and were therefore ignorant
of the fact that it was tainted with usury, is, of course,
without merit.   The rule is that a bank or other corpora-
tion, being once charged with notice of the character of
a transaction, continues to be affected by such notice what-

ever changes may occur in the personnel of its working force.

The decision of the court is manifestly right and is

AFFIRMED.

NOTE.—*Notice to Corporation.*—A corporation can not receive information or notice of any fact but through the senses of the members composing the corporation. Underwood, J., in *Lyne v. Bank of Kentucky*, 5 J. J. Marsh. [Ky.], 545, 559.—REPORTER.